IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded on August 7, 2020

## UGENIO DEJESUS RUBY-RUIZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2109    Steve Dozier, Judge**

_____

### No. M2019-00062-CCA-R3-PC
_____

The Tennessee Supreme Court has remanded this case for reconsideration in light of *Howard v. State*, 604 S.W.3d 53 (Tenn. 2020). *See Ugenio Dejesus Ruby-Ruiz v. State*, No. M2019-00062-CCA-R3-PC, 2019 WL 4866766 (Tenn. Crim. App. Oct. 2, 2019) ("*Ruby-Ruiz I*"), *case remanded* (Tenn. Aug. 7, 2020). Upon further review, we conclude that the supreme court's holding in *Howard* does not apply to the untimely filing of an application for permission to appeal to the supreme court. Consistent with the holding of the majority in our previous opinion in this case, we reverse the judgment of the post-conviction court and remand the case for the entry of an order granting the Petitioner a delayed appeal for the limited purpose of filing an application for permission to appeal to our supreme court. The Petitioner's remaining allegations shall be held in abeyance in the post-conviction court until the resolution of the delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. JOHN EVERETT WILLIAMS, P.J., filed a dissenting opinion.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Ugenio Dejesus Ruby-Ruiz.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 27, 2016, the Petitioner filed a petition for post-conviction relief, alleging, in relevant part, that he received the ineffective assistance of appellate counsel. At the post-conviction hearing, the parties did not dispute that counsel filed an untimely application for permission to appeal to our supreme court pursuant to Tennessee Rule of

Appellate Procedure 11. Although counsel filed a motion requesting that the supreme court accept a late-filed application for permission to appeal, along with the proposed application, the supreme court entered an order stating that the application for permission to appeal was untimely, that the motion to accept the late-filed application was denied, and that the application was dismissed after the court declined to waive the time limit in the interest of justice. *See Ruby-Ruiz I*, 2019 WL 4866766, at \*9; *see also State v. Ugenio Ruby-Ruiz*, No. M2013-01999-SC-R11-CD (Tenn. Mar. 23, 2016) (order). Although the post-conviction court determined that appellate counsel provided deficient performance by failing to file a timely application for permission to appeal to the supreme court, the court determined that the Petitioner was required but failed to establish prejudice by clear and convincing evidence. The post-conviction court, likewise, denied relief in connection with the Petitioner's remaining ineffective assistance of counsel allegations. *See Ruby-Ruiz I*, 2019 WL 4866766, at \*7.

On appeal, a majority of this panel, relying upon *Wallace v. State*, 121 S.W.3d 653 (Tenn. 2003), determined that the Petitioner was not required to show prejudice and that presumptive prejudice entitled the Petitioner to a delayed appeal for the limited purpose of filing a timely application for permission to appeal to the supreme court and held the Petitioner's remaining ineffective assistance allegations in abeyance pending the outcome of the delayed appeal. *See Ruby-Ruiz I*, 2019 WL 4866766, at \*10; *see also Wallace*, 121 S.W.3d at 658. The majority, likewise, concluded that the supreme court's order denying the motion to accept the late-filed application for permission to appeal did not reflect that the court engaged in any substantive review of the allegations raised by appellate counsel. *Id*. at \*9. The supreme court's order merely stated that the application was untimely, that the court denied the motion to accept the proposed late-filed application, and that the court would not waive the timely filing in the interest of justice. *Id*. The State sought permission to appeal to the supreme court, arguing that the Petitioner should be required to establish that prejudice resulted from appellate counsel's deficient performance pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). On August 7, 2020, the supreme court entered an order granting the State's application for review pursuant to Tennessee Rule of Appellate Procedure 11. The order stated that the case was remanded to this court "for reconsideration in light of this Court's opinion in *Antonio Howard v. State*, No. W2018-00786-SC-R11-PC, [2020 WL 4013131] (Tenn. July 16, 2020)." *Ugenio Ruby Ruiz v. State*, No. M2019-00062-SC-R11-PC (Tenn. Aug. 7, 2020) (order).

Upon remand, the parties were directed to file supplemental briefs addressing the issue of whether the holding in *Howard* applies in the context of counsel's failure to file a timely application for permission to appeal to the supreme court. The parties were likewise directed to address a petitioner's burden in establishing prejudice pursuant to *Strickland* if this court were to conclude that *Howard* applies in this context. *See Ugenio Dejesus Ruby-*

*Ruiz v. State*, No. M2019-00062-CCA-R3-PC (Tenn. Crim. App. Aug. 17, 2020) (order). The Petitioner argues that *Howard* does not apply in this context and that the presumptive prejudice standard espoused in *United States v. Cronic*, 466 U.S. 648 (1984), which was the basis for our supreme court's holding in *Wallace*, should apply. The State, however, argues that *Howard* applies and that a petitioner should be required to establish prejudice pursuant to *Strickland* by showing that the supreme court would have granted the application for permission to appeal if it had been timely.

At the time *Ruby-Ruiz I* was filed, our supreme court had granted the State's application for permission to appeal in *Howard* but had not yet released its opinion. *See Antonio Howard v. State*, No. W2018-00786-SC-R11-PC (Tenn. June 24, 2019) (order). In *Howard*, the petitioner sought post-conviction relief on the basis that trial counsel had failed to file a timely motion for new trial, which resulted in waiver of appellate review of multiple issues raised on appeal from the conviction proceedings. *See* T.R.A.P. 3(e). The post-conviction court determined that although counsel had provided deficient performance by failing to file a timely motion, the petitioner failed to show he had been prejudiced by the deficiency. *Howard*, 604 S.W.3d at 54-55.

On appeal, this court concluded pursuant to *Wallace*, binding precedent at the time, that the failure to file a timely motion for new trial resulted in presumptive prejudice as delineated in *Cronic*, and that the petitioner was entitled to a delayed appeal. *Id*.; *see Strickland*, 466 U.S. at 668. In *Howard*, our supreme court, however, overturned its previous holding in *Wallace*. The *Howard* court concluded that a petitioner is not entitled to presumptive prejudice and must establish prejudice pursuant to *Strickland* when counsel fails to file a timely motion for a new trial. *Howard*, 604 S.W.3d at 63; *see Wallace*, 121 S.W.3d at 658. The *Howard* court determined, "Where a failure by trial counsel of this type occurs, a subsequent claim of ineffective assistance of counsel should be analyzed under the *Strickland* analysis," requiring a petitioner to establish that prejudice resulted from counsel's deficient performance. *Howard*, 604 S.W.3d at 63. Our review is limited to whether this holding in *Howard* applies when counsel fails to file a timely Rule 11 application for permission to appeal to our supreme court.[1]

The *Howard* court expressed "consternation" with the presumptive prejudice standard in the context of an untimely motion for new trial. *Id*. at 62. The court reasoned that although counsel's failure to file a timely motion for new trial results in waiver of

---

[1] For the first time, the State raises in its supplemental appellate brief the allegation that the Petitioner's claim of ineffective assistance of appellate counsel is not cognizable for post-conviction relief. The State is not permitted to raise an issue for the first time at this juncture and has waived appellate consideration of the issue for failure to litigate it in the post-conviction court. *See* T.R.A.P. 36(a). Furthermore, the issue is beyond the scope of the supreme court's order remanding this case for consideration in light of *Howard*.

plenary review of issues other than sufficiency of the evidence and sentencing, this "less-than-full" appellate review is not a complete forfeiture of an appeal. *Id.*, *But cf. Roe v. Flores-Ortega*, 528 U.S. 648 (1984) (concluding that counsel's failure to file a notice of appeal resulted in a complete forfeiture of an appeal and that the petitioner was entitled to relief). In essence, counsel's failure to file a timely motion for new trial "limited the scope of the . . . appeal, but . . . it did not deprive him of [the] right to . . . appeal." *Howard*, 604 S.W.3d at 62. The court noted that in the absence of plenary review, a defendant is "permitted to seek plain error review on additional issues not properly raised in the motion for new trial," although the appellate courts may decline to engage in a plain error analysis. *Id*. The *Howard* court noted that a post-conviction court is "perfectly equipped to apply the *Strickland* analysis" when counsel fails to file a timely motion for new trial because the relevant issues are identified in the untimely motion for new trial and in the intermediate appellate court's opinion. *Id*. at 63.

However, an application for permission to appeal to our supreme court is not an appeal as of right, as was the case in *Howard*. *See* T.R.A.P. 3. An appeal to the supreme court is only by permission, and the court has full discretion whether to review a case from an intermediate appellate court. *See* T.R.A.P. 11(a) ("An appeal by permission may be taken . . . only on application and in the discretion" of the court.). The court has provided limited guidance about its general focus in determining whether to grant an application for permission to appeal, including the need for uniformity of decisions, to settle important questions of law and of public interest, and to exercise the court's supervisory authority. *Id*. However, the guidance is "neither controlling nor fully measuring the court's discretion." *Id*. Furthermore, only two of the five justices need to be "satisfied that the application should be granted." *Id*. at (e). We note that in *Howard*, the State sought permission to appeal and "urged" the supreme court to "reconsider" the application of the presumptive prejudice standard espoused in *Wallace*. *Howard*, 604 S.W.3d at 61.

As noted by the *Howard* court, a post-conviction court is well-suited to analyze the issues for which plenary review was waived in an appeal from the conviction proceedings as a result of an untimely motion for new trial. Determining whether a petitioner suffered prejudice as a result of deficient performance in this context is a question of law that, generally, can be determined by analyzing the previously waived issues pursuant to *Strickland*. However, counsel's failure to file a timely application for permission to appeal to the supreme court is quite distinguishable. The supreme court has full discretion whether to grant an application for permission to appeal. Determining whether the supreme court will grant an application for permission to appeal is not a question of law that can be determined after careful analysis. Although Tennessee Appellate Procedure Rule 11(a) provides guidance regarding the reasons the court might grant an application for permission to appeal, the reasons are neither absolute nor controlling. The supreme court has the

-4-

authority to grant and to deny an application for permission to appeal for any reason. The court has the authority to deny an application even though the application might raise a relevant reason reflected in Rule 11(a). The court, furthermore, has the authority to grant an application and to subsequently direct the parties to address an issue not raised in the application or by the parties. The critical point is that the supreme court, and only the supreme court, can determine whether it will grant or deny an application pursuant to Rule 11, and requiring a petitioner to show prejudice by establishing that the supreme court would have granted an application for permission to appeal if it had been timely is an impossible task. Likewise, requiring a post-conviction court or an intermediate appellate court to attempt to determine whether the supreme court would have granted an application if it had been timely is an exercise in speculation. The Tennessee Court of Criminal Appeals is an intermediate, error-correction court. Unless the supreme court directs otherwise, this court lacks the authority to substitute its judgment for that of the supreme court relative to the grant or denial of an application for permission to appeal. Because we may not properly speculate about the supreme court's discretionary decision-making processes, we conclude that the holding in *Howard* does not extend to an untimely application for permission to appeal to our supreme court.

Because we conclude that the holding in *Howard* does not extend to an untimely application for permission to appeal to the supreme court, the conclusions and determinations in the previous majority and dissenting opinions remain the law of the case. The judgment of the post-conviction court is reversed, and the case is remanded for the entry of an order granting the Petitioner a delayed appeal for the purpose of filing an application for permission to appeal pursuant to the Tennessee Rule of Appellate Procedure 11. The Petitioner's remaining ineffective assistance of counsel allegations shall be held in abeyance in the post-conviction court until the resolution of the delayed appeal.

_____
ROBERT H. MONTGOMERY, JR., JUDGE